WYATT J. GETER, Plaintiff in Error, v. CATHERINE SIM-
MONS, *Defendant in Error.*

On writ of error from a judgment in ejectment the evidence
    examined and found sufficient to sustain the verdict and
    judgment.

This case was decided by Division B.

Writ of error to the Circuit Court for Duval· County.

The facts in the case are stated in the opinion of the
court.

*I. L. Purcell,* for Plaintiff in Error;

*Cockrell & Cockrell,* for Defendant in Error.

HOCKER, J.—This case was before this court in 1910,
and the decision reversing the judgment below for lack
of evidence to support it, is found in 60 Fla. p. 67, 54
South. Rep. 91.    There was afterwards another trial re-
sulting in a verdict and judgment for defendant in error.
The suit is in ejectment for the recovery of the West 20
feet of Lot 5, in Block 101, also the East 15 feet of Lot 4,
in Block 101, situate in Jacksonville, Duval County, Flor-
ida.    This judgment is here for review on writ of error.
The sole question presented is on the sufficiency of the
evidence to sustain the verdict.    The underlying facts
with reference to the legal ownership of the land embrac-
ing the land now in dispute are unusual and such as per-
haps might naturally be expected from the lack of
knowledge as to the rights in property and the general
information peculiar to the older negro population of the
Southern country.    The case of Geter v. Simmons, re-

ported in 57 Fla. 423, 49 South. Rep. 131, illustrates this remark.

We think it clear from the evidence in the instant case that Catherine Simmons has been an occupant of the land now in dispute for perhaps forty or more years. She is an old fashioned ignorant negro woman. While there is a conflict between her evidence and that of the plaintiff in error as to the character of her occupancy, there is evidence that she has for a great many years claimed the land upon which she has lived for so many years as her own; that she has from time to time rented rooms in the house on the land in which she now lives, has had exclusive use of the house and lot, has planted trees and kept a garden on it, and that Rhina Grant, from whom the plaintiff in error derives his legal title, admitted that this property belonged to the defendant in error, Catherine Simmons. Rhina Grant was the sister-in-law of Catherine, and the relationship of the parties, the feelings which naturally grow out of the relationship, renders it particularly probable that Catherine should have been regarded as the owner of house and lot. A careful reading of the evidence creates this impression, and satisfies us that the judgment below was a correct one, which is hereby affirmed.

TAYLOR, P. J., and PARKHILL, J., concur;

WHITFIELD, C. J., and SHACKLEFORD, J., concur in the opinion.

COCKRELL, J., took no part, being disqualified.